IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RUBY JOE GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 321-027 |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Ruby Joe Gibson appeals the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") under the Social Security Act.  Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.    BACKGROUND**

Plaintiff applied for DIB and filed for SSI on October 12, 2017, alleging a disability onset date of October 30, 2011, however she later amended her onset date to January 1, 2017.  Tr. ("R."), pp. 45-46, 112, 114, 217-29, 241.  Plaintiff was fifty-one years old at her application date and fifty-three years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration.  R. 8, 49.  Plaintiff applied for benefits based on congestive or

chronic heart failure, arrhythmia, degenerative disc disease, and chronic obstructive pulmonary disease ("COPD").   R. 112, 114, 217-29, 241.   Plaintiff has a high school education and past relevant work history as a prep cook/ cook helper, cook, and kitchen supervisor.  R. 64.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration.  R. 319-28, 334-41.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), R. 204-05, and the ALJ held a hearing on December 13, 2019.  R. 220-55.  At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Kenneth Boaz, a Vocational Expert ("VE").  Id.  On February 11, 2020, the ALJ issued an unfavorable decision.  R. 8-21.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1.   The claimant has not engaged in substantial gainful activity since January 1,2017, the amended alleged onset date (20 C.F.R.  404.1571 *et seq*., and 416.971 *et seq*.).

2.   The claimant has the following severe impairments:  COPD, congestive heart failure, and degenerative disc disease (20 C.F.R. 404.1520(c) and 416.920(c)).

3.   The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d). 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4.   After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk six hours out of an eight hour workday; sit for six hours out of an eight hour workday; and can push/pull as much as she can lift and/or carry.  The claimant can occasionally climb ramps and stairs; can

occasionally climb ladders, ropes, or scaffolds; can occasionally stoop, kneel, crouch, and crawl; and must avoid concentrated exposure to pulmonary irritants such as fumes, odors, dust, gases, and poor ventilation.

5.      Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can also perform, (20 C.F.R. 404.1569, 404.1569(a), 416.969 and 416.969(a)). The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2017, through the date of this decision. (20 C.F.R. 404.1520(g) and 416.920(g)).

R. 14-20.

When the Appeals Council denied Plaintiff's request for review, R. 1-7, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly evaluate Plaintiff's subjective complaints and the VE testimony does not support the ALJ's findings. See Pl.'s Br., doc. no. 19.   The Commissioner maintains the administrative decision is supported by substantial evidence and should therefore be affirmed. See Comm'r's Br., doc. no. 20.

## II.    STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards.  Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997).  When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Notwithstanding

this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.    DISCUSSION

### A.    The ALJ Properly Relied on the VE's Testimony to Determine Plaintiff Was Not Disabled

Plaintiff argues the ALJ erred at the final step by failing to reconcile the VE's response to the ALJ's hypothetical and the VE's testimony on cross examination.  Pl.'s Br., pp. 4-6.  As explained below, substantial evidence supports the ALJ's finding that Plaintiff can perform the requirements of unskilled, light work as identified by the VE.

The underlying assumptions of the hypothetical questions posed to the VE must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence.  McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985); see also Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.") (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)).  However, a hypothetical question need not incorporate alleged impairments that the ALJ has properly discredited or found to be unsupported by the medical evidence.  Crawford, 363 F.3d at 1161 ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported.").

> [W]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations.  Additionally, other circuits have held that hypothetical questions adequately account for these limitations in concentration, persistence, and pace when the questions otherwise implicitly account for these limitations.

Id. at 1180; see also Lee v. Comm'r, Soc. Sec. Admin., 551 F. App'x 539, 541 (11th Cir. 2014);

Washington v. Soc. Sec. Admin., Comm'r, 503 F. App'x 881, 883 (11th Cir. 2013).

The hypothetical posed by the ALJ included the following limitations:

> Assume an individual the same age, education, and work experience as the Claimant . . . the ability to lift and carry twenty pounds occasionally, and ten pounds frequently; stand and walk for six hours in an eight-hour day; sitting for six hours in an eight-hour day. Push/pull limits would be the same as lift and carry. Climbing ramps and stairs would be occasionally. Ladders, ropes, or scaffolds would be occasionally. The individual would have to avoid concentrated exposure to pulmonary irritants such as fumes, odors, dust, gases, and poor ventilation.

R. 93. The VE responded such an individual would be able to perform light jobs of office cleaner, ticket seller, and bagger of garments and laundry. R. 94.

Plaintiff argues the ALJ failed to reconcile the VE's cross examination testimony that the identified jobs would demand more than the RFC limitations prescribed. Pl.'s Br., pp. 18-20. Plaintiff points to the following testimony as the basis for such assertion:

Q: Now the three jobs that you gave in response to the Judge's hypothetical, would you agree that the physical and mental demands of those jobs are going to vary, depending on the needs of the employer?

A: As in all jobs.

Q: So some days would be more physically demanding? Would some days be more physically demanding?

A: Some days could.

Q: And could some days be more mentally demanding?

A: Again, that would be all jobs. Mental would be however that person is. They might have stress in a different way, so they could handle it differently, but that would different of course.

Q: Okay, all right.

R. 95-96.  Plaintiff therefore argues the ALJ erred in formulating his RFC and relying on the first hypothetical to the VE which did not account for or reconcile the VE's cross examination testimony about the varying demand of the listed jobs based on employer preferences. Plaintiff's argument is unavailing for two reasons.

Merely because the potential exists for some degree in variance for day in and day out physical and mental demands of an employer, such potential variance alone does not undermine the DOT SVP classification for such occupations.  Rather, such variance is directly considered in the SVP determinations.  Further, Plaintiff's argument relies on a misconstruction of the VE's testimony.  The VE's testimony only states the general and universal proposition that "no two days on any job will ever be exactly the same," particularly across differing employers.  Further, some days will require more out of an employee compared to others.  At no point did the VE testify any of the listed jobs would require an employee to exert more than the RFC identified for such work.  No greater inference from the VE's testimony can be rationally understood.

In sum, in presenting his hypotheticals to the VE, the ALJ properly included all limitations in Plaintiff's RFC.  R. 94.  Because the hypothetical presented to the VE, upon which the ALJ relied to find Plaintiff was not disabled, accurately and comprehensively reflected Plaintiff's characteristics, the ALJ's reliance on the VE testimony was proper.  McSwain, 814 F.2d at 619-20; Pendley, 767 F.2d at 1562-63.

### B.    Substantial Evidence Supports the ALJ's Evaluation of Plaintiff's Subjective Complaints

#### 1.    Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to PRW.  20 C.F.R. § 416.920(a)(4)(iv).  RFC is defined in the regulations "as that which

an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted).  Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms."  Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012).  Limitations are divided into three categories:  (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations.  Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (citing 20 C.F.R. § 404.1569a(b)-(d)).  When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence."  Phillips, 357 F.3d at 1238.

> **2.     The ALJ's Decision Reflects Consideration of the Entire Record and Proper Discounting of Plaintiff's Subjective Complaints**

The remaining arguments are two sides of the same coin in that Plaintiff contends the ALJ improperly rejected her subjective complaints and, had the ALJ properly viewed the evidence, the record shows Plaintiff's pain and fatigue prevent her from working.

> **a.     The Standard for Evaluating Subjective Complaints**

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints.  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).  Under the Eleventh Circuit's standard, Plaintiff must show:  (1) evidence of an underlying medical

condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction.  Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).   Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (per curiam) (citing 20 C.F.R. § 404.1529(c)(4)).   However, as explained supra, under SSR 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance.  See SSR 96-5p; see also 20 C.F.R. § 416.927(d).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985).  Social Security Ruling 16-3p, clarifies:

> that subjective symptom evaluation is not an examination of an individual's character. . . .
>
> Consistent with our regulations, we instruct our adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms.   We evaluate the intensity and persistence of an individual's

> symptoms so we can determine how symptoms limit ability to perform work-related activities for an adult . . . .

SSR 16-3p, 2016 WL 1020935, at *14167 (orig. publ. Mar. 16, 2016).

Moreover, this Court is required to uphold the Commissioner's determination regarding subjective complaints if it is supported by substantial evidence.  Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[1]  As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.  The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer, 395 F.3d at 1210-11 (internal quotation marks and citations omitted).  As explained below, the ALJ properly conducted the Holt analysis and reached the conclusion that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but her subjective complaints concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the record and did not limit Plaintiff's functioning and ability to perform light work as described in the administrative decision.

   **b.**  **The ALJ's Evaluation Is Supported by Substantial Evidence**

Plaintiff argues the ALJ's rejection of her subjective complaints is not supported by substantial evidence and not clearly articulated.  The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent" with the record.  R. 19.  In his decision,

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

the ALJ expressly cited to and compared the objective medical evidence to Plaintiff's subjective complaints, including Plaintiff's testimony at the December 13th hearing.  R. 18-20.  The ALJ cited numerous reasons for discrediting Plaintiff's subjective complaints, including the objective medical evidence, Plaintiff's daily activities, and medication history.  Id.  Based on the Court's review of the record, it is clear the ALJ considered the evidence and articulated clear and adequate reasons for discrediting Plaintiff's subjective complaints.  Indeed, both the ALJ's partial rejection of Plaintiff's subjective complaints and his RFC determination are based on a careful review of the entire record and supported by substantial evidence.  Plaintiff attempts to cast doubt on the ALJ's findings through a series of arguments that nitpick individual facts.  The Court disagrees with these arguments, as explained below, but even if these arguments were well-founded, they still only nip at the fringes of the ALJ's analysis and are insufficient to justify remand.

Plaintiff argues the ALJ did not have good cause to discredit Plaintiff's subjective complaints.  The ALJ began by discussing Plaintiff's subjective complaints as stated at the December 13th Hearing and in her function reports.  R. 16.  Specifically, regarding her COPD and back, neck, right shoulder, and cardiac conditions the ALJ listed Plaintiff's complaints of not being able to wash dishes, inability to perform house chores, limited driving to ten-minute spans, shortness of breath upon walking across a parking lot, and waking due to pain in her leg.  Id.

The ALJ next moved on to Plaintiff's physical impairments as indicated by the medical records.  R. 16-17.  The ALJ noted Plaintiff's May 2014 chest x-rays revealed no acute cardiopulmonary disease, and postsurgical changes of the spine.  R. 16-17, 396.  However, the ALJ contrasted the 2014 x-rays with Plaintiff's April 2018 spine exam showing normal

gait, no focal signs, and normal strength bilaterally.  R. 17, 531-32.

As to Plaintiff's cardiac and respiratory issues, the ALJ discussed Plaintiff's July 2017 electrocardiogram (EKG), which demonstrated sinus rhythm with less than millimeter ST depressions in inferior leads and flattened ST segments in precordial leads.  R. 16, 413. The ALJ further discussed Plaintiff cardiac issues, noting that on May 1, 2018, Plaintiff underwent a heart catherization, which was normal, as Plaintiff reported to a doctor about a week later.  R. 17, 579-81, 593.  The ALJ also noted that Plaintiff performed a six-minute walk test during which she briskly walked 1,095 feet and had no complaints of angina.  R. 16, 399.  Further, Plaintiff did not rest during the test and had normal pulse oximetry both at rest and with exercise.  R. 16, 399.  Generally, the ALJ noted self-reports of doing well and Plaintiff denied chest pain, palpitations, and shortness of breath, and, on examination, she had regular heart rate and rhythm and no murmurs.  R. 17, 590-91.  The ALJ further noted despite previous reports of shortness of breath in 2017, Plaintiff in a June 2018 exam denied shortness of breath and wheezing, and her lungs were clear to auscultation bilaterally.  R. 17, 590-91.

The ALJ found Plaintiff's subjective complaints "concerning the intensity, persistence and effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the] decision."  R. 17.  The ALJ continued, finding examination records and even claimant's own testimony support the RFC, and later on, the ALJ further found Plaintiff's subjective complaints were only partially supported.  R. 18. Despite these notations, Plaintiff argues the ALJ determination was not supported by substantial evidence, and therefore he had no good cause to partially discredit Plaintiff.

The ALJ did not fail to consider and had good cause to discredit Plaintiff's subjective complaints.  The ALJ clearly discussed all of Plaintiff's actual physical limitations associated with those impairments, citing to multiple records containing references to those diagnoses.  R. 16-18.  Further, the medical evidence did not support such debilitating impairments or fatigue as Plaintiff alleges, specifically some medical visits and examinations, and testing showed unremarkable results with normal x-rays.  R.  531-32.  The ALJ also accounted for the pain in the RFC by limiting Plaintiff to light work as opposed to the medium exertional work from her past work experience.  R. 18-19, 64.

Additionally, the ALJ properly discredited Plaintiff's subjective complaints based on the inconsistencies she reported in her daily activities.  Plaintiff argues the ALJ improperly failed to consider her daily activities.  However, a closer look at the ALJ's findings reveal the ALJ both considered and noted inconsistences between Plaintiff's function reports and what is in the record.  Plaintiff testified her adult daughter does nearly all of the household chores.  R. 50, 56.  However, the ALJ also noted Plaintiff admitted to being able to put clothes in the washer, being capable of walking across a parking lot on her own, and driving forty-five minutes with only a couple of breaks. R. 17.  When examining the objective medical evidence and the inconsistency of her testimony, the Court cannot say the ALJ was clearly wrong in discrediting Plaintiff's subjective complaints, and therefore, the ALJ had good cause to discredit Plaintiff's subjective complaints, and the ALJ's findings were supported by substantial evidence.  Werner, 421 F. App'x at 939.

Finally, Plaintiff argues the ALJ failed in making his credibility decision by not directly commenting on Plaintiff's prior work history.  Pl's. Br., pp. 13-14.  Plaintiff

cites Lafond v. Comm'r of Soc. Sec, for the proposition that an ALJ's decision should be remanded if the ALJ failed to consider a plaintiff's strong work history when assessing credibility.  Lafond v. Comm'r of Soc. Sec, No. 6:14-cv-1001-Orl-DAB, 2015 WL 4076943, at *9 (M.D. Fla. July 2, 2015)(citing Stricklin v. Astrue, 493 F. Supp. 2d 1191, 1198 (N.D. Ala. 2007)).  Although the Court in Lafond found the ALJ failed to consider the plaintiff's strong work record when assessing her credibility, the Court did not remand the ALJ's disability determination solely on that basis.  Rather, the court remanded the ALJ's decision on its conclusion that the ALJ's credibility assessment, as a whole, was not based on substantial evidence.  See id. at *5–11.  Unlike in Lanfod, the ALJ here provided a clearly articulated credibility assessment supported by substantial evidence.

Further the regulations explain the ALJ should consider all evidence in an individual's record when evaluating the intensity and persistence of Plaintiff's symptoms. See 20 C.F.R. § 404.1529(c)(3); SSRs 96-8p; SSR 16-3p.  While Plaintiff's work history would certainly fall amongst the total record to be considered, nothing in the regulations nor in binding precedent instructs that the ALJ must articulate how he considers a Plaintiff's work history for the purposes of his evaluation.  Further supporting this notion is the contrast of the regulations for evaluating medical opinions and findings.  See 20 C.F.R. § 404.1520c. Like the regulations for  evaluating the intensity and persistence of Plaintiff's symptoms, these regulations describe factors to be considered in by the ALJ.  Id.  However, in stark contrast, 20 C.F.R. § 404.1520c specifically compels the ALJ to explain how two of those factors, consistency and supportability, were considered.  20 C.F.R. § 404.1520c(b)(2).  No

such direction exists for any particular factor of 20 C.F.R. § 404.1529(c)(3), and thus no reversible error exists on this ground.

In sum, the ALJ properly contrasted Plaintiff's subjective complaints with the objective medical evidence and her other activities of daily living in assessing her claimed level of impairment.  A claimant has the burden of proving her disability and is responsible for providing evidence in support of her claim.  Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). Plaintiff may disagree with the ALJ's interpretation of the evidence, but this Court's job is not to re-weigh the evidence.  See Moore, 405 F.3d at 1211.  Substantial evidence supports the ALJ discrediting Plaintiff's subjective complaints, and Plaintiff's arguments form no basis for reversal or remand.

## IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 16th day of May, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA